## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

**SCHATZE PARHAM**          *
2201 Palmetto Glen Drive #6103   *
Kissimmee, FL 34741        *
                            *
      Plaintiff,              *
                            *
      v.                   *     Civil Action No. 8:21-CV-01802
                            *
**UBER TECHNOLOGIES, INC.**    *
182 Howard Street #8        *
San Francisco, CA 94105      *
                            *
      <u>Serve Registered Agent</u>:    *
      The Corporation Trust, Inc.   *
      2405 York Road, Suite 201    *
      Lutherville Timonium, MD 21093   *
                            *
**RASIER, LLC**             *
160 Greentree Drive, Suite 101   *
Dover, DE 19904          *
                            *
      <u>Serve Registered Agent</u>:    *
      The Corporation Trust, Inc.   *
      2405 York Road, Suite 201    *
      Lutherville Timonium, MD 21093   *
                            *
**TONY ENONGENE**       *
3914 Aberdeen Way       *
Frederick, MD 21704       *
                            *
      Defendants.           *

## COMPLAINT
### (Negligence; *Respondeat Superior*; Negligent Hiring/Training/Supervision)

COMES NOW Plaintiff Schatze Parham ("Plaintiff"), by and through her attorney, Keith

W. Watters, and hereby moves for judgment against Defendants Uber Technologies, Inc., Rasier,

LLC, and Tony Enongene ("Defendants") on the grounds and in the amount as hereinafter set

forth:

## JURISDICTION & VENUE

1.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 as this matter involves a controversy between citizens of different states and exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interests and costs.

2.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) as the acts and/or omissions alleged in this Complaint occurred in the State of Maryland.  Furthermore, Defendants transact business in the State of Maryland.

## PARTIES

3.      Plaintiff is an adult resident of the State of Florida.

4.      Defendant Uber Technologies, Inc. is a Delaware corporation with its principal place of business located in California, and was at all times relevant herein authorized to do business in the State of Maryland.

5.      Defendant Rasier, LLC is a Delaware corporation with its principal place of business located in Delaware, and was at all times relevant herein authorized to do business in the State of Maryland.

6.      Defendant Tony Enongene is an adult resident of the State of Maryland.

## FACTS

7.      Uber is a car service that provides drivers to customers on demand through a cell phone application.

8.      Through several forms of media, Uber represents to passengers and to the public that it subjects its drivers to rigorous screening procedures prior to allowing them to drive for Uber.  Uber states that drivers must clear several screenings.  Uber also represents to consumers that it continues to monitor the quality of its drivers on an ongoing basis through a rating system.

2

9. Uber dictates and collects the fares that passengers pay for rides, which Uber then pays its drivers a portion of the fares collected and keeps the remainder for itself.

10. Uber drivers are not allowed to collect any form of payment from passengers; rather, Uber drivers receive payment for their work directly from Uber.

11. Uber drivers do not have the authority to retroactively adjust a fare upwards or downwards; in order to adjust a fare, they must request that Uber do so at its discretion.

12. Upon threat of termination, Uber subjects its drivers in the State of Maryland to a host of specific requirements concerning the performance of their driving duties, including but not limited to:

(a) Drivers must drive a four-door vehicle no more than 12 years old;

(b) Drivers must drive a "good" condition vehicle with "no cosmetic damage;"

(c) Drivers must drive a vehicle with no commercial branding;

(d) Drivers must pass a vehicle inspection; and

(e) Drivers must display the Uber decal in the "rear passenger side window facing outward."

13. On January 27, 2020, Plaintiff was a rear seat passenger in an Uber vehicle being operated by Defendant Tony Enongene. Plaintiff had requested this ride through her Uber application.

14. The Uber driver, Defendant Tony Enongene, was traveling on Frederick Road and attempting to make a left turn onto Game Preserve Road in Gaithersburg, Maryland.

15. Defendant Tony Enongene suddenly and without warning failed to yield the right of way and was forcefully struck by another vehicle.

16. The force of the impact caused Defendant Tony Enongene's airbags to deploy, which violently struck Plaintiff in the face.

17.     At the time of the accident, Defendant Tony Enongene was operating the Uber vehicle in the course and scope of his employment with Defendant Uber Technologies, Inc. and/or Defendant Rasier, LLC.

18.     As a result of the accident, Plaintiff has suffered severe and permanent injuries, including but not limited to, cervical strain, lumbosacral strain, temporomandibular joint dysfunction (TMJ), and fractured teeth.

**COUNT I**
**NEGLIGENCE**
**(Against All Defendants)**

19.     Plaintiff hereby incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

20.     At all times relevant herein, it was the duty of Defendant Tony Enongene to operate his motor vehicle with reasonable care and with due regard for the safety of others.

21.     Defendant Tony Enongene acted with less than reasonable care and was negligent in one or more of the following ways:

(a)     By operating his motor vehicle at a high, dangerous, and excessive rate of speed under the circumstances then and there existing;

(b)     By failing to reduce speed to avoid a collision;

(c)     By failing to observe due care and precaution and to maintain proper and adequate control of his motor vehicle;

(d)     By failing to keep a proper lookout for other motor vehicles and pedestrians lawfully upon the roadway; and

(e)     By failing to exercise reasonable care in the operation of his motor vehicle under the circumstances then and there existing.

22.     As a direct and proximate result of the negligence of Defendant Tony Enongene, Plaintiff has sustained severe and permanent injuries; has been prevented from transacting her business; has suffered and will continue to suffer great pain of body and mind; and has suffered permanent disability and deformity.

23.     As a further direct and proximate result of the negligence of Defendant Tony Enongene, Plaintiff has been forced to expend large sums of money for x-rays, medical treatment, and medicine for the treatment of her injuries.

24.     Defendant Tony Enongene's negligent acts and/or omissions were committed while he was acting as an employee and/or agent of Defendant Uber Technologies, Inc. and/or Defendant Rasier, LLC.

25.     Defendant Uber Technologies, Inc. and Defendant Rasier, LLC are responsible pursuant to *respondeat superior* for the negligent acts and/or omissions of Defendant Tony Enongene.

**WHEREFORE**, Plaintiff Schatze Parham hereby demands judgment against Defendants Uber Technologies, Inc., Rasier, LLC, and Tony Enongene, jointly and severally, in the amount of five million dollars ($5,000,000.00), plus interest and costs.

**COUNT II**
**NEGLIGENT HIRING/TRAINING/SUPERVISION**
**(Against Defendant Uber Technologies, Inc. and Defendant Rasier, LLC)**

26.     Plaintiff hereby incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

27.     At all times relevant herein, Defendants Uber Technologies, Inc. and Rasier, LLC had a duty to use reasonable care in the selection, hiring, training, and supervision of its employees.

28.     Defendants Uber Technologies, Inc. and Rasier, LLC breached said duty and were negligent in one or more of the following ways:

    (a)    By failing to hire personnel properly qualified to operate Uber vehicles in a safe and reasonable manner;

    (b)    By failing to properly screen potential employees, including Defendant Tony Enongene, before hiring him;

    (c)    By hiring Defendant Tony Enongene;

    (d)    By failing to abide by proper screening protocols before hiring employees;

    (e)    By failing to train Uber drivers to abide by all existing regulations;

    (f)    By failing to provide follow-up safety training;

    (g)    By failing to provide follow-up safety screening of employees after hiring them; and

    (h)    By failing to properly supervise drivers while such drivers are operating Uber vehicles.

29.     As a direct and proximate result of the negligence of Defendants Uber Technologies, Inc. and Rasier, LLC, Plaintiff has sustained severe and permanent injuries; has been prevented from transacting her business; has suffered and will continue to suffer great pain of body and mind; and has suffered permanent disability and deformity.

30.     As a further direct and proximate result of the negligence of Defendants Uber Technologies, Inc. and Rasier, LLC, Plaintiff has been forced to expend large sums of money for x-rays, medical treatment, and medicine for the treatment of her injuries.

**WHEREFORE**, Plaintiff Schatze Parham hereby demands judgment against Defendants Uber Technologies, Inc. and Rasier, LLC, jointly and severally, in the amount of five million dollars ($5,000,000.00), plus interest and costs.

Respectfully submitted,


_____
Keith W. Watters, Esq. (01515)
KEITH WATTERS & ASSOCIATES
1667 K Street NW, Suite 1125
Washington, DC 20006
(202) 887-1990
keithwatters@verizon.net

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury as to all counts.


_____
Keith W. Watters, Esq.